## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL I

| | | |
|---|---|---|
| JOANNA L. DARYANANI, Recurrida, v. BOBBY G. DARYANANI, Peticionaria. | TA2025CE00468 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala Municipal de Toa Baja. Civil núm.: OPA2025-056973. Sobre: violencia doméstica (Ley 54). |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

El 17 de septiembre de 2025, la parte peticionaria, señor Bobby G. Daryanani (don Bobby o peticionario), instó este recurso con el fin de que este Tribunal expida el auto de *certiorari* y revoque la *Orden de Protección* (OPA2025-56973; en adelante, OPA) expedida y notificada personalmente a las partes litigantes el 18 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Municipal de Toa Baja[1].

En ella, el foro primario, al amparo de lo dispuesto en el Art. 2.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, intitulada *Ley para la prevención e intervención con la violencia doméstica*, 8 LPRA sec.601, *et seq.* (Ley 54), emitió la OPA solicitada por la señora Joanna L. Daryanani (doña Joanna o recurrida) y, en lo pertinente a la controversia ante nos, suspendió las relaciones paternofiliales del peticionario con sus dos hijas menores de edad. Además, el tribunal dispuso para que la custodia provisional de las menores la ostentara doña Joanna.

---

[1] *Véase*, apéndice del recurso, entrada núm. 2 del *Sistema Unificado de Administración y Manejo de Casos del Tribunal de Apelaciones* (SUMAC TA). En la misma entrada, aparece, además, la **OPA inicial expedida *ex parte* por el foro primario el 23 de junio de 2025, a solicitud de doña Joanna**.

Dicha OPA tendría una vigencia de un año y, conforme surge de su faz, **las partes litigantes fueron apercibidas de que la custodia provisional de las menores adjudicada a doña Joanna se mantendría en vigor hasta tanto otra cosa dispusiera una Sala Superior del Tribunal de Primera Instancia**[2].

Inconforme con la emisión de la OPA, don Bobby presentó este recurso y adujo la comisión de tres (3) errores, que se resumen en que: (1) el tribunal suspendió la relaciones paternofiliales; (2) la prueba para sostener el supuesto maltrato fue insuficiente (en particular, los mensajes de texto que se intercambiaban las partes litigantes y que, aunque fueron mostrados a la magistrada, no fueron admitidos en evidencia conforme a derecho); y, (3) la magistrada limitó indebidamente el contrainterrogatorio de doña Joanna.

Resulta del todo pertinente resaltar que, mientras estos procedimientos ante la Sala Municipal de Toa Baja eran atendidos, las partes litigantes estaban involucradas en un procedimiento de divorcio iniciado por don Bobby. Así pues, tomamos conocimiento judicial del proceso de divorcio y de las órdenes del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Menores de Bayamón, en el alfanumérico BY2025RF00517.

Adicionalmente, mediante la moción presentada por doña Joanna el 20 de octubre de 2025[3], además de oponerse a la expedición del recurso, ella nos informó de que, en el caso de divorcio, el tribunal había dictado la sentencia de divorcio por ruptura irreparable el 1 de octubre de 2025. **En esa misma sentencia, la sala de relaciones de familia adjudicó la custodia provisional de las dos niñas a doña Joanna, y suspendió las relaciones paternofiliales de don Bobby con las menores, hasta tanto culminara la evaluación social forense que ordenó**.

---

[2] La vista se celebró el 18 de agosto de 2025, y a ella comparecieron las partes litigantes acompañadas de sus respectivos representantes legales.

[3] Entrada 8 de SUMAC TA.

De hecho, en su moción del 20 de octubre de 2025, doña Joanna sugirió que este recurso se había tornado académico dadas las órdenes emitidas por la sala de relaciones de familia.

Mientras, también el 20 de octubre de 2025, don Bobby presentó ante nos un *Breve alegato suplementario*, en el que discutió e hizo referencia a la transcripción de la prueba oral estipulada (TPO) de la vista celebrada el 18 de agosto de 2025, la cual le había sido autorizada por este Tribunal[4].

En fin, el peticionario solicitó que este Tribunal dejase sin efecto la OPA expedida por el foro primario el 18 de agosto de 2025.

Finalmente, el 5 de noviembre de 2025, el peticionario presentó una solicitud para que se tuviera por perfeccionado el recurso, ante la incomparecencia de doña Joanna. No obstante, ese mismo día, doña Joanna presentó una réplica, en la que planteó que ya había expuesto su oposición a la expedición del recurso desde el 20 de octubre de 2025, y reiteró lo allí expuesto.

Evaluados los sendos escritos de las partes comparecientes y los documentos generados en el caso ante la Sala Municipal de Toa Baja y en la Sala Superior de Relaciones de Familia de Bayamón, este Tribunal concluye que la parte peticionaria no nos persuadió de que el foro primario hubiese cometido error alguno, que justifique nuestra intervención. En su consecuencia, **denegamos la expedición del auto de *certiorari*[5]**.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Hemos leído con detenimiento la TPO. Nada surge de ella que pueda sugerir parcialidad o prejuicio de la magistrada que presidió la vista, o que la jueza hubiera incurrido en algún abuso de discreción o en una errada interpretación del derecho sustantivo o procesal aplicable.

[5] *Véase,* Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, y la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.